Wissman, Appellant, *v.* General Tire Company of Philadelphia, Inc.

Argued May 12, 1937; reargued May 19, 1937. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN and STERN, JJ.

216

*Edward A. Collins, Jr.,* with him *Hepburn & Norris,* for appellant.

*S. S. Herman,* of *Herman & Harris,* for appellee.

OPINION BY MR. JUSTICE DREW, June 25, 1937:

On June 3, 1933, the defendant tire corporation equipped a White truck belonging to the Liquid Carbonic Corporation with new tires. One of the rims and the lock ring that accompanied it were cracked. The defective condition was noticed by defendant's employees and the fact was communicated to the driver in charge of the truck. Three days later the vehicle was sent to the White Motor Company for adjustment of the brakes, an operation necessitating the removal of the wheels. Plaintiff, one of the employees of the White Motor Company assigned to the job, was injured when the lock ring burst from the wheel assembly during the process of removal. The "explosion" was caused by the inability of the defective rim and lock ring to withstand the heavy pressure of the inflated tire, while it was being removed without having been deflated.

Plaintiff's suit in trespass to recover for the injuries sustained in the accident is based upon defendant's al-

leged negligence in creating a "dangerous condition" and its legal responsibility "for the natural and probable consequences of its negligent acts." The jury's verdict was for plaintiff and his present appeal followed the entry of judgment n. o. v. in defendant's favor. Our statement of the facts has resolved all conflicts in the evidence in plaintiff's favor, as is required, in view of the jury's verdict.

Did defendant violate any legal duty which it owed to plaintiff? Defendant created no "dangerous condition." There is no evidence that the defective condition in the wheel was increased by defendant's substitution of new tires for old ones. It is not suggested that defendant's operations increased the size of the cracks or in any other way added to the hazard already present. No negligence in the actual mounting of the tires is argued. From all that appears defendant merely substituted new tires, and the sole ground of complaint is that a defective rim and lock ring were again utilized in assembling the wheel.

No case imposing liability under a factual situation akin to the present has been presented by counsel and our own efforts have disclosed none. To be sharply distinguished are cases such as those relied upon by appellant, in which the defendant has supplied chattels that are or are likely to be dangerous for the use for which they are supplied (*Rosebrock v. General Electric Co.,* 236 N. Y. 227; see Restatement, Torts, section 388), or where the defendant has built or manufactured such an article: *Griffith v. Atlantic Refining Co.,* 305 Pa. 386; *Bisson v. John B. Kelly, Inc.,* 314 Pa. 99; *MacPherson v. Buick Motor Co.,* 217 N. Y. 382; see Restatement, Torts, sections 394, 395, 398. Similarly, liability is imposed on the contractor who negligently rebuilds or repairs a chattel: see Restatement, Torts, section 404. The present defendant's conduct falls within none of the foregoing categories. Under the circumstances of the present case the most that could possibly be required

of defendant was notice to the owner of the vehicle of the defective condition. Indeed, it may well be that a contractor employed to make repairs is under no duty to inform his customer of a dangerous condition, which he has not been employed to repair, but which he discovers in the course of the making of the repairs agreed upon: see Restatement, Torts, section 403, *caveat*. Here, however, notice was given to the person in sole charge of the truck. Under the circumstances, notice to the employee in charge of the vehicle of the defect was notice to his employer. In the instant case, the driver was authorized to take the truck to defendant's place of business and have the tires changed and notice to him with respect to a matter connected with the changing of the tire was notice to his employer: Restatement, Agency, sections 268(1)(c), 283.

The acceptance of appellant's theory of liability would impose unjust burdens readily susceptible of conjecture. Would defendant be required to refuse to sell the new tires? Would it escape liability by replacing the old ones, the defective condition being ever-present? Would it be required to see to the acquisition of a new rim and lock ring? In fact, just how far would a contractor, under circumstances similar to those in the present case, be responsible for the safety of a vehicle of whose defects he was aware, but which he had not been employed to repair and over which he had no control. We are of the opinion that the most that could be required of defendant was notice to his customer and that duty, if indeed it existed, was discharged.

In this disposition of the case it is unnecessary to consider the questions of proximate causation and contributory negligence.

Judgment affirmed.

CONCURRING OPINION BY MR. JUSTICE STERN:

I am in accord with the decision in this case, but not with some of the statements contained in the opinion.

If a repairman knowingly creates a condition which is a likely source of danger to innocent third persons when the repaired article is put to the use for which the repair is intended, it seems to me that the repairman is liable for a resulting injury. Here defendant neither caused the crack in the rim nor was employed to repair it, but defendant did place upon it the inflated tire, the combination of which with the broken rim made the contemplated operation of the truck a potential danger to third persons. The question is not as to the liability of defendant to its customer, but to other persons who were likely, in ordinary course, to come into proximity with the truck. I see no difference between the cases referred to in the opinion in which "the defendant has supplied chattels that are or are likely to be dangerous for the use for which they are supplied, . . . or where the defendant has built or manufactured such an article," and the present case, where the same result is accomplished, not by the original construction of the article, but by a reconstruction, adaptation or repair in such a way that a danger which is or should be known to the contractor or repairman results to members of the general public. Of course it is not a defense as against plaintiff that defendant did the work merely because he was engaged so to do by the owner of the truck.

In my opinion the case is properly decided because defendant notified the truck driver of the condition of the rim, and the driver nevertheless proceeded to drive the truck. The opinion states that "the most that could be required of defendant was notice to his customer and that duty, if indeed it existed, was discharged. In this disposition of the case it is unnecessary to consider the questions of proximate causation and contributory negligence." But it is solely because of the doctrine of proximate causation that the notifying of the customer did relieve defendant from liability to plaintiff and other third persons. When the driver, with knowledge of the facts, operated the truck, he became an intervening

agent whose negligence was the proximate cause of the injury, superseding the negligence of defendant: *Kline v. Moyer,* 325 Pa. 357. It is only for that reason that I believe the court below properly entered judgment in favor of defendant.