**FRANTZ et al. v. GENERAL MOTORS CORPORATION et al.**

No. 9692.

United States Court of Appeals, Third Circuit.

Argued Feb. 7, 1949.

Filed June 23, 1949.

Harry Norman Ball, Philadelphia, Pa., for appellants.

Richard E. McDevitt, Philadelphia, Pa., for appellees.

Montgomery, McCracken, Walker & Rhoads, Philadelphia, Pa., on the brief, for appellee General Motors Corporation.

Before BIGGS, Chief Judge, and O'CONNELL and KALODNER, Circuit Judges.

O'CONNELL, Circuit Judge.

A large tractor-trailer truck belonging to plaintiff had been damaged, principally in the interior of the tractor cab, by a fire. The tractor portion of this truck combination was brought to the Philadelphia shop of the General Motors Corporation ("defendant")[1] for repairs. Shortly after the vehicle was returned to plaintiff and dispatched on its first trip, it crashed into a large boulder near Compass, Pennsylvania. Plaintiff contended, and the trial court sitting without a jury found, that the cause of the accident was a brake failure. The issues requiring determination in the court below, therefore, were (1) whether federal jurisdictional requirements are here met, and (2) if so, whether the defective brake condition is properly chargeable to defendant. Without specifically answering the first question, the district judge found in favor of defendant on the second issue, and gave judgment accordingly. Denial of motions by plaintiff for a new trial and for amendment of the judgment led to the instant appeal.

As we have indicated, diversity of citizenship is the basis asserted by plaintiff for federal jurisdiction. Both in answer to the complaint and at the trial, defendant sought to prove that the jurisdictional amount, $3000 exclusive of interest and costs, was lacking. Plaintiff, however, introduced evidence to the contrary; and, since the district judge dismissed the action on the merits, we must assume for the purposes of this appeal that this issue has been resolved in favor of plaintiff. Consequently, as required by Erie R. v. Tompkins, 1938, 304 U.S. 64, 58 S.Ct. 817, 82 L. Ed. 1188, 114 A.L.R. 1487, we apply the substantive law of Pennsylvania.[2]

The Supreme Court of Pennsylvania has indicated that the law of that state is in accord with Sections 403 and 404 of the Restatement of the Law of Torts (1934 ed.) See Wissman v. General Tire Co. of Philadelphia, 1937, 327 Pa. 215, 217-218, 192 A. 633, 634, and Doyle v. Atlantic

---

[1] The Providence-Washington Insurance Company, which had insured against fire or theft of this vehicle, was co-defendant; but a judgment dismissing the action as to that company has not been appealed.

[2] The contract to repair was made and performed in Pennsylvania, the accident occurred there, and the complaint was filed in the United States District Court for the Eastern District of that state. Thus, Pennsylvania is the only state here involved, whether the theory of recovery be in contract, as it has been asserted by plaintiff to be, or in tort.

Refining Co., 1947, 357 Pa. 92, 98, 53 A.2d 68, 71. Moreover, defendant does not contest the law as enunciated in those sections. Thus, as repairer of the tractor, defendant had a duty to make the specified repairs with reasonable skill, and failure to meet that standard of care would subject defendant to the same liability as would be imposed upon a person manufacturing a tractor possessing like defects. Also, if defendant, knowing the tractor to be in unsafe condition, had returned it to plaintiff without so notifying plaintiff, liability might also be predicated upon that ground.

■ The real area of disagreement between the parties before us is in the facts to which the aforementioned legal principles are to be applied. Plaintiff has insisted that the contract, an oral one, was to "put it [the tractor] in first-class condition." On the other hand, defendant is equally certain that the repair work was to be limited to the fire-damaged parts, and that even if there was talk of "first-class condition," the context of the negotiations discloses that reference was being made only to the parts affected by the fire. After hearing the witnesses and having the opportunity to judge their credibility, the court below found as a fact that the contract did not call for a complete overhauling or general repair job; in short, the court agreed with defendant. This finding we may reject only if it be "clearly erroneous" within the meaning of Rule 52 (a) of the Federal Rules of Civil Procedure, 28 U.S.C.A.

■ There was testimony that, after the fire, plaintiff at first ordered a new cab, but that the order was rescinded when the fire insurance company, which apparently was to indemnify plaintiff for the fire losses, asked that the less expensive alternative of restoring the damaged cab be adopted. The evidence also indicates that the fire, of a localized nature, had damaged little except the cab, and that the hydraulic system (including the master cylinder) of the tractor was outside of the cab and apparently unaffected by the fire. On the basis of this evidence alone, we cannot say that the district judge was clearly in error when he determined that the contract which the parties made did not give defendant carte blanche to make inspections and repairs for which the fire insurance company would not be required to pay.

We have no doubt that plaintiff thought that repair of all damage done by the fire would mean the restoration of the truck to a satisfactory operating condition, and that no other serious defects existed. Unfortunately, however, it was not only possible, but also here found to be an actuality, that the tractor brakes were defective for some reason other than the fire. In this connection, we note that the truck had been purchased second-hand by plaintiff and was seven years old at the time of the fire, and also that both the condition of the truck prior to the fire and the cause of the fire received scant attention in the testimony adduced by plaintiff.

■ Plaintiff has devoted argument to a theory somewhat akin to the res ipsa loquitur rule. In substance, plaintiff says that defendant, to eliminate an inference of faulty repair work, should have had the burden of showing why the brakes did not operate properly at the time of the accident.[3] What we have just pointed out is dispositive of this contention. Had plaintiff produced convincing testimony that the tractor brakes worked properly just before the vehicle was entrusted to defendant, or that the fire in fact damaged the hydraulic system, this argument might have force. In both these respects, however, plaintiff did not lay a foundation for requiring defendant to prove the cause of the brake failure to be attributable to someone other than defendant. Thus, with ample credible evidence that defendant accepted a job which called for repair of only fire-damaged parts and not of the hydraulic system; that, in effecting the repairs, defend-

---

[3] Defendant did in fact attempt to prove why it thought the brakes failed. Considerable testimony was adduced as to the load which the truck was carrying at the time of the accident. The trial judge, however, found that, although the load was unusually heavy, the brakes would not have failed for that reason if they had been in good condition.

ant was reasonably careful and did not find it necessary to make more than a cursory tractor brake inspection; and that defendant neither knew nor suspected the brakes to be defective, we cannot characterize the findings of the district judge as "clearly erroneous."

For the reasons stated, the judgment must accordingly be affirmed.