Thomas, Appellant, v. Ribble.

Argued April 20, 1961. Before JONES, C. J., MUS-MANNO, JONES, COHEN, BOK and EAGEN, JJ.

*Howard Richard,* for appellant.

*Ralph B. D'Iorio,* with him *George J. McConchie,* and *Hodge, Hodge & Camp,* for appellee.

OPINION BY MR. JUSTICE COHEN, June 26, 1961:

This is an appeal from the judgment of the Court of Common Pleas of Delaware County refusing to remove a nonsuit entered in favor of defendant-appellee, John Ribble.

The action was commenced to recover damages for personal injuries sustained in an accident on June 14, 1957. Testimony at trial revealed the following facts:

Ribble purchased a used 1955 Packard automobile with power brakes from a man approximately five feet tall on March 25, 1956. The automobile at that time was equipped with a block of wood attached to the accelerator pedal. The block was covered with rubber facing including a heel pad, thus giving it the appearance of a normal accelerator pedal. However, the block raised the level of the accelerator to the height of the brake. Witnesses stated that the abnormal similarity of plane or level that characterized the brake and the accelerator pedals was apparent to anyone who looked carefully.

The front seat was also on blocks of wood approximately two inches high. The blocks under the seat were removed by Ribble within a week of the purchase of the car but the block on the accelerator was not removed until after the accident. During the period from March 27, 1956 until June 14, 1957, Ribble drove the automobile approximately 18,000 miles. On June 14, 1957, Ribble took the automobile to Bertolett Motor Company, additional defendant, for repairs, left the car inside the garage and told the assistant service manager what repairs were to be made. At no time prior to June 14, 1957, when plaintiff had his car in for service, nor on that date, did Ribble inform anyone at Bertolett of the existence of the block attached to the accelerator. Additional defendant Sees, service manager, who had worked for about twenty years with Packard automobiles and who also was a Packard owner, drove the automobile into an empty bay before assigning a mechanic to repair the automobile. The plaintiff-appellant Thomas, a mechanic, was working at a bench near the wall at the end of the bay. As Sees attempted to apply the brakes for the first time his foot simultaneously struck both the brake and the built-up accelerator, causing the automobile to lurch forward. The automobile struck Thomas and caused an injury

which subsequently required amputation of his leg. Thomas brought suit against Ribble to recover for the injuries sustained. Ribble joined George Sees and Bertolett Motor Company as additional defendants.

The court entered a compulsory nonsuit in favor of the defendant Ribble and the additional defendants, Sees and Bertolett. Thomas filed a motion to remove the nonsuit as to all defendants. The court en banc dismissed plaintiff's motion to take off the nonsuit in favor of the defendant Ribble but sustained the motion to take off the nonsuit as to Sees and Bertolett. The plaintiff then filed this appeal.

We agree with the court below that the Act of May 1, 1929, P. L. 905, 75 PS §403(b) (now 75 PS §824), concerning the installation of automobile equipment not conforming to regulations, is not determinative of the issues before us.

Plaintiff's principal contention is that the similarity of level of the brake and accelerator pedals created a hazardous condition which was a proximate cause of the injury and that defendant Ribble's failure to warn the service manager of this condition constituted negligence. Plaintiff proceeded on the theory of liability as set forth in section 388 of the Restatement of Torts cited in *Wissman v. General Tire Company of Philadelphia*, 327 Pa. 215, 192 Atl. 633 (1937): "One who supplies directly or through a third person a chattel for another to use, is subject to liability to those whom the supplier should expect to use the chattel with the consent of the other or to be in the vicinity of its probable use, for bodily harm caused by the use of the chattel in the manner for which and by a person for whose use it is supplied, if the supplier (a) *knows, or from facts known to him should realize, that the chattel is or is likely to be dangerous for the use for which it is supplied*; (b) and has no reason to believe that those for whose use the chattel is supplied will realize its

dangerous condition; and (c) fails to exercise reasonable care to inform them of its dangerous condition or of the facts which make it likely to be so." (Emphasis supplied).

The standards contained in section 388 apply to bailments for repair. See comment c to section 388.

Viewing the evidence in the light most favorable to the plaintiff we must nevertheless find that he has failed to make out a case under the theory set forth in section 388 of the Restatement of Torts since he has failed to sustain his burden of proving that the defendant knew or should have known that the similarity of the plane was a dangerous condition. The testimony of the expert witness that the similarity of the plane constituted a hazardous condition did not meet that burden. Such testimony would be a sufficient basis for a finding that the condition was dangerous and, while, under certain circumstances this evidence might be sufficient to enable a court to submit a case similar to the one at bar to the jury, we cannot permit such action here. We must affirm the refusal to take off the nonsuit since the evidence adduced as part of the plaintiff's case clearly contradicted any inference which might arise from the expert's testimony that the defendant knew or should have realized that the condition was dangerous.

The evidence in the plaintiff's case discloses that the defendant drove his car without incident approximately 18,000 miles in the fifteen months before the accident. The evidence also discloses that the defendant's automobile had been serviced and inspected by Bertolett's staff on several occasions prior to the day of the accident and the expert mechanics never considered the condition hazardous enough to mention it to the defendant.

Where there is such an obvious contradiction in the plaintiff's evidence in respect to a matter upon which

the plaintiff has the burden of proof a court should not allow a jury to speculate as to the defendant's liability. *Musleva v. Patton Clay Manufacturing Company (No. 1)*, 338 Pa. 249, 255, 12 A. 2d 554 (1940).

Judgment affirmed.

Mr. Justice MUSMANNO dissents.