NEIL SHACKETT *vs.* STATE OF RHODE ISLAND.

JUNE 16, 1964.

PRESENT: Condon, C. J., Roberts, Powers and Joslin, JJ.

CONDON, C. J. This is an action of the case against the state for personal injuries sustained by the plaintiff on the Diamond Hill toboggan run operated by the state in the town of Cumberland. The plaintiff was granted special permission to bring the instant action by S424 passed at the

January 1961 session of the general assembly and approved June 13, 1961. Acts and Resolves 1961, p. 797. The act is quoted in full in the appendix hereto. Pursuant to the provisions thereof the action was tried to a justice of the superior court without a jury and resulted in a decision for the plaintiff for $25,000. The case is here on the state's bill of exceptions containing a single exception to such decision.

The state contends that the decision is not in accord with the law applicable to the evidence in that it does not appear therefrom that it had reasonable notice of the alleged dangerous condition which was the cause of plaintiff's injuries. The short answer to this contention is that the trial justice after reviewing the evidence on this point expressly found as follows:

> "Under the circumstances of this case the defendant had warning and notice of the existence of a dangerous condition which required maintenance and repair if the facilities were to be continued in their then condition. The sides of the chute were of wood, in sections about 12 feet long, and the pieces of wood were approximately 2 inches thick by 12 inches high. They were placed flush with each section which they were in contact with. It is clear the plaintiff sustained the injury because the wood side of the chute was allowed to deteriorate without repair for a period of time when notice was had on the part of the defendant, so I think the defendant was reasonably charged when notice was brought in. Splinters were broken off from the side of the chute in such quantities and size as to indicate substantial deterioration had occurred. Under the circumstances, the exercise of due care on the part of the defendant would have required reasonable examination, to examine the condition of the chute. This was not had in reasonable repair. The plaintiff has proved, therefore, by a fair preponderance of the evidence that the defendant was guilty of failure to maintain and guard and repair the guard rail."

This finding is conclusive unless the state is able to show that it is clearly wrong. In accordance with our long-established rule where "parties submit their case on the law and on the facts to a trial justice sitting without a jury his decision is entitled to great weight and should not be set aside unless it is clearly wrong or fails to do substantial justice between the parties." *F. D. McKendall Lumber Co. v. Ramieri*, 85 R. I. 92.

We must assume that when the general assembly specially provided that the instant action should be tried by the superior court "as other civil actions at law are tried in said court except that the said Neil Shackett shall have no right to trial by jury, and the court shall determine all questions relating to liability and damages in connection with said claim," that it intended such determination should be reviewed by us in accordance with our well-established rule.

From our examination of the transcript we cannot say that the trial justice's finding on the question of notice was clearly wrong. On the contrary we agree with his conclusion that there was substantial evidence tending to prove that the state had reasonable notice of the defect in the toboggan chute which caused plaintiff's injuries. We are also unable to say that the decision fails to do substantial justice between the parties. We are rather of the opinion that on the issues of liability and damages the evidence amply supports the trial justice's conclusions.

In view of the description of the plaintiff's cause of action in sec. 1 of the act and the obvious lack of any counterevidence on behalf of the state at the trial on the happening of the accident and the injuries flowing therefrom, we have thought it unnecessary to detail here at length the facts out of which the plaintiff's cause of action arose. In this connection it is sufficient to say that except for its contention on the point of lack of notice it would appear that the state evinced no intention of questioning the justice of the decision.

The state's exception is overruled, and the case is remitted to the superior court for entry of judgment on the decision.

## Appendix

"AN ACT Providing for Adjudication and Payment of a Claim of Neil Shackett, Pawtucket, Rhode Island, Against the State of Rhode Island and Providence Plantations.

"It is enacted by the General Assembly as follows:

"Section 1. The State of Rhode Island and Providence Plantations consents to have an action brought against it within one year after the date of the passage of this act, by Neil Shackett, Pawtucket, Rhode Island, upon a claim for damages, past and future, alleged to have been sustained by said Neil Shackett, as a result and in connection with injuries sustained while tobogganing at the state Diamond Hill toboggan run, Cumberland hill, Rhode Island, on February 12, 1961, when a large splinter, 18″ long (2 to 3″ dia) which became loosened from the chute, at said Diamond Hill toboggan run, entered the back of the right thigh of said Neil Shackett, requiring surgery, hospitalization, and medical services. Said injuries impaired the right leg to such an extent that neuro-surgery will have to be performed at a later date. The aforesaid Neil Shackett is hereby granted permission by the general assembly to institute in the superior court for the county of Providence an action of the case against the State of Rhode Island and Providence Plantations upon his aforesaid claim for damages.

"Sec. 2. Jurisdiction is hereby conferred upon the superior court in and for the county of Providence to hear and determine the aforesaid claim of said Neil Shackett. Service of the writ in said case shall be made upon the attorney general as the agent for the state. The trial shall be conducted as other civil actions at law are tried in said court except that the said Neil Shackett shall have no right to trial by jury, and the court shall determine all questions relating to liability and damages in connection with said claim. The

attorney general or any attorney in his department authorized by him shall represent the State of Rhode Island and Providence Plantations in such action.

"Sec. 3. If the court shall find that said Neil Shackett is entitled to damages as a result of said injuries and that the responsibility therefore is in the State of Rhode Island and Providence Plantations, the court shall award to or render judgment for the said Neil Shackett against said State of Rhode Island and Providence Plantations, such sum not to exceed $25,000.00 as the court shall find to be just and equitable.

"Sec. 4. The judgment in such case shall constitute a complete bar to any further action of the said Neil Shackett by reason of the same subject matter, and upon recovery of said judgment, execution shall issue therefor and shall be forthwith paid by the general treasurer. There is hereby appropriated and made available, out of any money in the treasury not otherwise appropriated, a sum sufficient for the payment of any judgment which may be entered in favor of said Neil Shackett against the State of Rhode Island and Providence Plantations as provided in this act.

"Sec. 5. This act shall take effect upon its passage."
Acts and Resolves 1961, p. 797

*Gallogly, Beals & Tiernan, Robert O. Tiernan,* for plaintiff.

*J. Joseph Nugent,* Attorney General, *Carmine A. Rao,* Assistant Attorney General, for defendant.