209 A.2d 706.

WINIFRED W. ROGERS *vs.* NORBERT U. ZIELINSKI.

MAY 7, 1965.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Joslin, JJ.

PAOLINO, J. This is an action of the case in the nature of assumpsit to recover damages arising out of the sale of a used 1956 Mercedes-Benz automobile by the defendant to the plaintiff. The case was tried by a justice of the superior court sitting without a jury and resulted in a decision for the plaintiff in the amount of $94.65 plus interest of $23.66 and costs. The case is here on the plaintiff's bill of exceptions to such decision and to certain evidentiary rulings.

In a previous appeal, we sustained plaintiff's exception to the trial justice's decision and remitted the case to the superior court for a new trial. See *Rogers* v. *Zielinski*, 92 R. I. 479. However, the disposition of that appeal has no bearing here.

The case at bar was tried on plaintiff's second amended declaration which contains five counts. The plaintiff alleges in substance that defendant made certain prior oral warranties which induced her to purchase the automobile from defendant. The declaration alleges four express oral warranties, each in a separate count. The first alleges a breach of a representation that there was nothing wrong with the car and that it was therefore in first-class mechanical condition; the second alleges a breach of a representation that the car was guaranteed for 64,000 miles; the third alleges a breach of a representation that the car had traveled only 8,000 miles; and the fourth alleges a breach of a representation that it would get thirty miles to a gallon

of gasoline. The fifth count alleges a breach of an implied warranty that the car was reasonably fit for transportation. The defendant filed a plea of the general issue.

The plaintiff has expressly waived any claim she may have under counts 3 and 4. For that reason we shall consider only her claims under counts 1, 2 and 5. She presented evidence to prove that as a result of defendant's alleged breaches she sustained damages for repair charges for labor and materials totaling $1,326.54, in addition to a loss of at least $400 in the sale of the car. The sum of $94.65 which the trial justice awarded to plaintiff is for the cost of installing two new mufflers and a ring starter gear for which defendant admitted he promised to pay.

The plaintiff testified that defendant was her physician; that she had known him socially and professionally since 1953; and that in June 1957 she purchased his car for $3,-600. Her testimony in substance supports the allegations of her declaration. In addition she presented the testimony of several mechanics as to the repairs made to the car after she purchased it.

In his testimony defendant denied that he had made any of the representations claimed by plaintiff. He testified that with the exception of the mufflers and the ring starting gear there was nothing wrong with the car as far as he knew. He presented the testimony of certain witnesses who had testified for plaintiff in the prior trial. They testified that the car had normally good operational qualities. In brief, defendant's witnesses supported his testimony that there was nothing wrong with the car.

General laws 1956, §6-3-12, relating to express warranties, provides that:

> "Any affirmation of fact or any promise by the seller relating to the goods is an express warranty if the natural tendency of such affirmation or promise is to induce the buyer to purchase the goods, and if the buy-

er purchases the goods relying thereon. No affirmation of the value of the goods, nor any statement purporting to be a statement of the seller's opinion only shall be construed as a warranty."

The trial justice considered the evidence relating to plaintiff's claims under counts 1 and 2 in the light of the provisions of §6-3-12. He stated that in order for plaintiff to prevail she had the burden of proving that the natural tendency of any statements or affirmations of fact or promises made by defendant induced her to purchase the car and that she purchased it relying thereon. After considering the testimony of the parties and their witnesses and their interest or lack thereof, as well as their demeanor and manner of testifying, the trial justice made a finding of fact that defendant did not tell plaintiff "that there was nothing wrong with the car" and that he did not state that the car was guaranteed for 64,000 miles. He expressly stated that he based this finding on the weight of the credible evidence. Consequently, as to counts 1 and 2, he found that plaintiff had not maintained her burden of proof except with respect to the matter of the mufflers and the ring starter gear under count 1.

In count 5 plaintiff alleges an implied warranty of fitness under §6-3-15(1) which provides that:

"(1) Where the buyer, expressly or by implication, makes known to the seller the particular purpose for which the goods are required, and it appears that the buyer relies on the seller's skill or judgment (whether he be the grower or manufacturer or not), there is an implied warranty that the goods shall be reasonably fit for such purpose."

In considering the evidence and contentions in this issue the trial justice stated in substance that plaintiff had the burden of proving that she relied on defendant's skill and judgment. In reviewing the pertinent evidence he pointed out that defendant was a practicing physician with no particular skill and judgment in so far as cars were concerned;

that plaintiff had more than one opportunity of driving the car and at least fifty years' familiarity with motor vehicles; and that plaintiff had become unduly impressed with and expected much more from this car than she should have. After making such observations, the trial justice found as a fact that plaintiff did not rely on defendant's skill or judgment and that therefore there was no implied warranty of fitness.

Under point I(A) of her brief plaintiff contends that the trial justice misconceived the law applicable to express warranties. She argues that this finds support in the failure of the trial justice to consider whether "the natural tendency of any statements or affirmations of fact or promises of the defendant" induced plaintiff to purchase the automobile relying thereon. In view of the trial justice's findings that defendant did not make the representations alleged in counts 1 and 2, he never reached the issue posited by plaintiff. This contention requires no further discussion.

For a further argument that the trial justice misconceived the applicable law, plaintiff points to the statement in his decision that "There was nothing to indicate that the defendant in any way deceived the plaintiff * * *." She states that in an action for breach of warranty there is no requirement of any proof that the seller knew the representations amounting to warranties were false. In such circumstances, she argues, the trial justice's statement shows that he misconceived the nature of plaintiff's case. We have read the decision in its entirety and we believe the record shows that he knew he was hearing a case involving a claim of breach of express warranties. There is nothing in the record indicating that he misconceived the applicable law. The plaintiff has failed to persuade us otherwise. The statement in question was mere surplusage.

Under points I(B) and I(C) plaintiff contends that the findings of fact on the express warranties alleged in counts

2 and 1 respectively were clearly wrong. A careful reading of the trial justice's decision shows that he based these findings on credibility. He obviously placed no weight on plaintiff's testimony as to the alleged representations; on the contrary he believed defendant's version of the transaction. We cannot agree with plaintiff's argument that the reasons given by the trial justice on the question of credibility make his findings untenable. See *Krall v. M. A. Gammino Construction Co.*, 97 R. I. 495, 199 A.2d 122.

After carefully examining the record as it pertains to counts 1 and 2 we cannot say that the findings of the trial justice were clearly wrong or that he misconceived the evidence or the law applicable thereto. See *Migliaccio v. A. & S. Angolano, Inc.*, 87 R. I. 194, 203.

Under point II plaintiff contends that the trial justice erred in his findings on implied warranty. As previously stated, the trial justice found as a fact that plaintiff did not rely on defendant's skill or judgment and that therefore there was no implied warranty of fitness under §6-3-15(1). In discussing this issue the trial justice stated in his decision:

> "It must be borne in mind that we are dealing here with a second-hand automobile. There is authority to the effect that there is no implied warranty of the condition of a second-hand automobile especially where the buyer has had an opportunity to inspect."
>
> "See Annotation in 151 A.L.R., p. 446, at 452.
>
> "See also 46 Am. Jur., Sales, Section 360"

The plaintiff argues that this statement by the trial justice shows that he misconceived the applicable law because the implied warranty of fitness is not limited in the statute to new articles. In view of the trial justice's finding, which we believe is supported by the evidence, that plaintiff did not rely on defendant's skill or judgment, there can be no implied warranty even if §6-3-15(1) applies to secondhand

automobiles. In the circumstances it is not necessary to consider plaintiff's instant contention.

Under point III plaintiff contends that the decision fails to do justice between the parties. It is well established that where the parties submit their case on the law and the facts to a trial justice sitting without a jury, his findings are entitled to great weight and will not be disturbed unless they are clearly wrong or his decision fails to do substantial justice between the parties. *Shackett* v. *State,* 98 R. I. 298, 201 A.2d 475; *King* v. *King-McLeod-Fraser, Inc.,* 98 R. I. 226, 200 A.2d 705.

On our review of the transcript we cannot say that the findings of the trial justice are clearly wrong or that his decision fails to do substantial justice between the parties. Nor can we say that plaintiff has sustained her burden of persuading this court that the trial justice misconceived the law or that he misconceived or overlooked material evidence.

We have carefully examined the exceptions which the plaintiff has briefed and argued in point IV under which she contends that certain evidentiary rulings made by the trial justice constitute reversible error. We find no merit in these exceptions and therefore they do not require discussion. See *McGovern* v. *Lord,* 91 R. I. 392, 395.

All of the plaintiff's exceptions are overruled, and the case is remitted to the superior court for entry of judgment for the plaintiff on the decision.

MOTION FOR REARGUMENT.

MAY 28, 1965.

PER CURIAM. After our decision in the above case was filed, the plaintiff was granted permission to present a motion for reargument. Pursuant thereto she has filed such a motion setting out therein the particular reasons on which

she bases her contention that justice requires a reargument of the case.

We have carefully considered those reasons and are of the opinion that they suggest nothing which in the circumstances warrants a reargument.

Motion denied.

*Alexander G. Teitz,* for plaintiff.

*Corcoran, Peckham & Hayes, Patrick O'N. Hayes,* for defendant.