## Commonwealth v. Bryan

*William E. Morgan, Jr.,* for Commonwealth.

*Bernard J. Hessley,* for defendant.

WOLFE, P. J., April 7, 1971.—This case is before the court on appeal from conviction of violation of section 824 of The Vehicle Code of April 29, 1959, P. L. 58, in the magistrate court.

Defendant was charged with the operation of a motor vehicle equipped with illegal equipment, to wit, "shackles" on April 18, 1971, in the Borough of Warren.

The particular section provides:

"It shall be unlawful for any person to sell, lease, use, install or repair, either for himself or as the agent

or the employe of another, or through such agent or employe, any glass, lighting device, signal device, brakes, vacuum or pressure hose, or any other kind of equipment whatsoever, for use in any vehicle, trailer or semi-trailer that is not in conformity with the provisions of this act or the regulations made thereunder."

The Commonwealth proved and defendant did not deny that on the date in question he was operating a motor vehicle on the public highway equipped with shackles of a type that is not factory standard equipment on vehicles.

The shackles attached to this particular vehicle consisted of two iron bars approximately one foot in length and having six holes at about one inch centers for the purpose of adjusment to raise or lower the rear of the vehicle and when attached to the vehicle one end is fixed to the body and the other to the rear springs which, when raised, shifts the weight to the front of the vehicle and has the effect of absorbing more shock but has an adverse effect of lightening the rear of the vehicle and thus in making turns or rounding corners causes an increase in skid potential which is a hazardous condition on the highway.

The Commonwealth likewise produced a standard shackle that is attached to the vehicle when it is manufactured, which is nonadjustable. This shackle is approximately four inches in length and has little effect in shifting the weight of the vehicle.

Although defendant acknowledged he was operating the vehicle, he asserts he was doing so without any knowledge the shackles were attached to it as he was the owner and operator of a service station and at the request of a Michael Lewis, who brought the car to the station for the owner, defendant took it for a road test to determine the cause of a "flat spot" in the motor.

None of this evidence was rebutted by the Commonwealth, but the latter sought conviction because defendant was, in fact, "using" the vehicle which was in violation of the regulations promulgated by the Department of Revenue, Bureau of Motor Vehicles. The Commonwealth failed to produce, however, any certified copies of the regulations but attempted to cover this provision by a memorandum from Commissioner Brainerd that "shackles" are illegal under the act.

The difficulty with this case is not so much whether or not shackles are illegal, as the court could so find if the proper method of proof were made by the Commonwealth, but rather the issue appears to be the meaning and intent of the act as applied to this defendant.

Admittedly, the defendant was not the owner of the vehicle, nor did he sell, lease, install or repair or otherwise direct his agent or employe to install the shackles to this vehicle. Thus, the Commonwealth's case rests on the word "use" and on the alleged regulations promulgated by the commissioner.

Even if the regulations were properly placed in evidence, there would be a serious doubt of whether this defendant was in violation of the act. In Thomas v. Ribble, 404 Pa. 296, 172 A. 2d 280 (1961), a tort case, wherein it was established defendant purchased a used vehicle, which at the time was equipped with a block of wood attached to the accelerator pedal making it the same height as the brake pedal, and after defendant had operated the vehicle for 18,000 miles took it to the garage of the additional defendant whose mechanic, in moving the vehicle, simultaneously struck both the brake and built-up accelerator, causing it to lurch forward and injuring plaintiff, a compulsory non-suit was granted as to defendant as the

court found plaintiff failed to sustain his burden of proving defendant knew, or should have known, that the similarity of the plane was a dangerous condition.

Although the current case is a question of violation of a quasi-criminal statute, still, defendant did not install the shackles nor was he "using" the shackles in a manner prohibited by the statute. The court does not interpret the legislators contemplated the word "use" to be applied in an isolated incident of this nature, especially where the operator had no knowledge of the violation and had "use" of the vehicle for repair purposes.

For the foregoing reasons, the court concludes the Commonwealth has failed to carry its burden of proof beyond a reasonable doubt and makes the following order:

## ORDER

And now, April 7, 1971, defendant is found not guilty as charged, is discharged from the court and the bail is released and costs placed upon the county. Exceptions to the Commonwealth.