333 A.2d 151.

CHARLES E. HENNESSEY, JR. *vs.* BENJAMIN SUHL.
CHARLES E. HENNESSEY, JR. *vs.* CLAUDE BAMBERGER
MOLDING COMPOUNDS CORP.

FEBRUARY 25, 1975.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

ROBERTS, C. J. This is a civil action brought by the plaintiff, Charles E. Hennessey, Jr., an employee of the Red Bridge Car Wash, Inc., to recover damages for personal injuries sustained when he was struck by a car which had been loaned to the defendant, Benjamin Suhl, and operated by one Jesse Lee Morris, also an employee of

the carwash.[1] The action was prosecuted on the theory that the defendant had been negligent in failing to warn Morris at the time that the defendant delivered the car to him to be driven through the carwash that the braking system with which it was equipped was of a unique nature. After a waiver of jury trial, the case was tried by a justice of the Superior Court who, concluding that the defendant had been under no duty to warn Morris about the peculiarities of the braking system of the car, entered judgment for the defendant. From this judgment the plaintiff now prosecutes an appeal to this court.

The record shows that in April 1962 defendant drove a 1960 Citroen to the carwash at which plaintiff was an employee. Because of the narrow wheel base of the Citroen, the wheels of the car allegedly would not fit the guide tracks in the carwash. Morris, an employee of the carwash, was given possession of the car by defendant for purposes of having it driven through the carwash. Morris testified that on entering the car, he realized that he had never driven that particular model before but, nevertheless, did not look for or check the brakes or emergency brake before starting underway. Having maneuvered the Citroen through the carwash, Morris attempted to stop the car; however, he had mistaken the brake pedal for a dimmer switch, did not depress the emergency brake which was in plain view, and, according to defendant's statement, "hit the accelerator instead of the brake." This last action resulted in the car lurching forward and striking plaintiff.

---

[1]Claude Bamberger Molding Compounds Corp. was the corporate owner of the automobile involved in the accident out of which this suit arose. The plaintiff brought separate actions against the corporation and Benjamin Suhl. Our decision herein applies to both defendants. For the sake of simplicity, however, we will treat the cases as one with Benjamin Suhl as the sole defendant.

The brake pedal on the Citroen is situated just to the left of the accelerator. The pedal is a circular disc an inch and a half in diameter and is about one inch from the floor. The plaintiff contends that the unusual nature of this braking device rendered the Citroen sufficiently dangerous to impose upon defendant the duty of warning the carwash attendant of the danger it might create.

In its opinion in *Radigan* v. *W. J. Halloran Co.*, 97 R. I. 122, 196 A.2d 160 (1963), this court relied upon the rule in *Palsgraf* v. *Long Island R.R.*, 248 N. Y. 339, 162 N.E. 99 (1928), in defining the relevant scope of the defendant's liability in negligence actions. In *Palsgraf*, the court expressly stated that "The risk reasonably to be perceived defines the duty to be obeyed * * * it is risk to another or to others within the range of apprehension (citations omitted)." *Id.* at 344, 162 N.E. at 100. In accordance with this rule, an individual has a duty to warn another of a dangerous condition only if that individual should have reasonably foreseen that he created a dangerous situation.

Here, the inquiry is whether defendant as a reasonably prudent man should have foreseen that the unusual construction and location of the brake pedal would, when the car was delivered to the carwash attendant, constitute a dangerous condition. *Molinari* v. *Sinclair Ref. Co.*, 111 R. I. 490, 304 A.2d 651 (1973); *Thomas* v. *Ribble,* 404 Pa. 296, 172 A.2d 280 (1961). If, in the circumstances, defendant as a reasonable man should have anticipated that the brake pedal, because of its unusual construction and location, would be dangerous, it became his duty to inform Morris thereof. In our opinion, in the instant case the evidence was such that the trial justice properly concluded that defendant as a reasonable man could not have been expected to anticipate that Morris would have difficulty in applying the brakes and that, therefore, he was

not obligated to warn Morris of the unusual construction of such brakes.

In determining whether defendant should have anticipated that a situation fraught with peril could develop when he turned his car over to Morris, defendant could properly take into account the probability that a carwash attendant, because of his extensive experience with various types of motor vehicles, would be familiar with the operation of a Citroen. *See Thomas* v. *Ribble, supra* at 300, 172 A.2d at 282-83. One could reasonably have expected that an attendant who drives automobiles at a carwash was sufficiently knowledgeable about the operation of various makes of automobiles to be familiar with the Citroen braking device. This court also believes that the trial justice could properly have inferred that one entrusting an automobile to a carwash attendant could reasonably have expected that such attendant undertaking to drive the automobile would ascertain how to stop the vehicle before setting it in motion. Although the Citroen brake pedal is somewhat smaller than those in other automobile makes, it rests on a shaft in the same location as in every other standard make of car. Thus, one could reasonably infer that the braking device here was not so unusual as to warrant a cautionary instruction from defendant to Morris, especially when Morris' experience with automobiles is taken into account.

For these reasons, the evidence is sufficient to support the conclusion of the trial justice that the defendant could not reasonably have foreseen that his entrusting the Citroen to Morris would have created a dangerous situation. Absent such a dangerous condition, the defendant had no duty to warn Morris of the nature of the braking device in question. The conclusion of the trial justice need not be the only reasonable conclusion of which the evidence was susceptible for the court to sus-

tain his decision. It must merely be reasonable. *Labbe v. Hill Bros., Inc.,* 97 R. I. 269, 275, 197 A.2d 305, 309 (1964). Thus, we hold that the findings of the trial justice were not clearly wrong under the test applied in *F. D. McKendall Lumber Co. v. Buratti,* 107 R. I. 158, 265 A. 2d 732 (1970), and *Rogers v. Zielinski,* 99 R. I. 599, 209 A.2d 706 (1965). The trial justice having misconceived neither the law nor the evidence to the prejudice of the plaintiff, this court will not interfere with his decision in this case. *Rogers v. Zielinski, supra.*

The plaintiff's appeal is denied and dismissed, the judgment appealed from is affirmed, and the case is remanded to the Superior Court for proceedings consistent with this opinion.

*Letts, Quinn & Licht, Jerome B. Spunt,* for plaintiff.

*Higgins, Cavanagh & Cooney, Joseph V. Cavanagh,* for defendant Benjamin Suhl.