## Stem v. St. Luke's Hospital

*Richard F. Stevens,* for plaintiffs.
*Leonard M. Mellon,* for defendant.

BACKENSTOE, *P.J.,* June 5, 1989 — This matter is before us on defendant's preliminary objection in the nature of a demurrer and a motion to strike.

A complaint was filed on June 2, 1988, in Northampton County by plaintiffs, Louise and Raymond Stem, against defendant St. Luke's Hospital. Defendant filed preliminary objections as to venue/jurisdiction and demurrer/motion to strike. Thereafter, the parties agreed to sustain defendant's objections as to venue and by an order of the Northampton Court of Common Pleas this matter was transferred to Lehigh County for further disposition.

The within action arises out of an incident that occurred at St. Luke's Hospital. On October 26, 1987, Louise Stem was in the dialysis treatment area of the hospital in order to weigh herself. Plaintiffs allege Louise Stem was injured when she attempted to push a wheelchair provided by the hospital onto a scale (via a ramp) and the wheelchair flipped over.

Defendant filed a demurrer/motion to strike to plaintiffs' complaint, counts I, II, III and IV. Defendants allege that they did not design, construct or maintain the wheelchair and/or scale in the sense that plaintiffs would be allowed to maintain causes of action under theories of products liability.

Our standard of review for a demurrer is set forth in *Hoffman v. Misericordia Hospital of Philadelphia,* 439 Pa. 501, 267 A.2d 867 (1970), where the Supreme Court stated:

"In determining whether a demurrer should be sustained and the complaint dismissed, the question presented is whether, on the facts averred, the law says with certainty that no recovery is possible. *King v. U.S. Steel Corp.,* 432 Pa. 140, 247 A.2d 563 (1968); *Sun Ray Drug Co. v. Lawler,* 366 Pa. 571, 79 A.2d 262 (1951). In considering the demurrer, every well-pleaded material fact set forth in the complaint, as well as all inferences reasonably deducible therefrom, must be taken to be admitted: *Yania v. Bigan,* 397 Pa. 316, 155 A.2d 343 (1959);

*Mistick v. Cammack,* 397 Pa. 296, 154 A.2d 588 (1959)." *Id.;* cited in *McGaha v. Matter,* 365 Pa. Super. 6, 528 A.2d 988 (1987).[1]

Defendant first contends that since the scale and wheelchair were not sold by defendant, defendant cannot by held strictly liable.[2] Defendant's argument is based on an interpretation of the Restatement (Second) of Torts, §402A, which states:

"Special Liability of Seller of Products for Physical Harm to User or Consumer —

"(1) One who *sells* any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm caused thereby to the ultimate user or consumer or to his property if

"(a) the *seller* is engaged in the business of selling such a product, and

"(b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold." (emphasis supplied)

Our decision upon this issue is based on the case of *Grubb v. Einstein Medical Center,* 255 Pa. Super. 381, 387 A.2d 480 (1978). In the *Grubb* case a patient was rendered a quadriplegic by a defective surgical drill supplied by defendant hospital. The Superior Court set forth the following interpretation of the Restatement (Second) of Torts §402A:

"[T]he Supreme Court of Pennsylvania has given a wide berth to section 402A and has found that liability extends to all sellers in the distributive chain. *Bialick v. Pittsburgh Brewing Co.,* 430 Pa. 176, 242 A.2d 231 (1968). The court has further recognized that liability does not turn on the tech-

---

1. We assume that defendant's demur to counts I, II, III and IV and want those counts stricken.

2. Defendant's demurrer is to counts II and IV in plaintiffs' complaint.

nical existence of a sale. *Hoffman v. Misericordia Hospital*, 439 Pa. 501, 267 A.2d 867 (1970).

"At least one court has held the view that mechanical and administrative services provided by hospitals should not necessarily be exempt from strict liability. In *Johnson v. Sears, Roebuck and Co. [Columbia Hospital]*, 355 F.Supp. 1065 (E.D. Wis. 1973) the court felt that mechanical services provided by a hospital may be subject to strike liability even though the rendition of professional services is governed by a negligence standard.

"In adopting the strict liability as set forth we are making reasonable extrapolation from the already expanding interpretation of 402A, and clear policy considerations. The surgical patient is without control over the procedures and instruments used upon him. His health and future safety are at the mercy and skill of the treating physician and the instruments he employs. It is elementary that if a hospital *supplies* equipment to an operating physician the hospital must appraise themselves of the risks involved and adopt every effort to insure the safety of the equipment chosen. . . . " *Grubb*, 225 Pa. Super. at 401, 387 A.2d at 490.[3] (emphasis supplied)

Clearly, the interpretation of Restatement (Second) Torts §402A in Pennsylvania is that a hospital need not sell a product to be held liable under this section. The *Grubb* case illustrates that a hospital can be held liable under 402A merely by supplying defective products. Therefore, defendant's preliminary objections to counts II and IV are denied.

Defendant next contends that it cannot be held

---

3. Cases which disagree with Pennsylvania's interpretation of section 402A are *Hector v. Cedars-Sinai Medical Center*, 180 Cal. App. 3d 499, 225 Cal. Rptr. 595 (1986) and *Magrine v. Krasnica*, 94 N.J. Super. 228, 227 A.2d 539 (1967), aff'd. 100 N.J. Super. 223, 241 A.2d 637 and 53 N.J. 259, 250 A.2d 129.

liable in negligence products liability, for it was not the manufacturer of the allegedly defective ramp or scale.[4] Defendant citing *Mannsz v. MacWhyte Company,* 155 F.2d 445 (3d Cir. 1946).

However, upon review of counts I and III of plaintiffs' complaint we note that defendant was alleged to have "negligently designed, constructed and *maintained,* the wheelchair and ramp." (emphasis supplied) Plaintiffs have not merely alleged a negligent products liability action in counts I and III, but there is arguably an action in negligence against defendant for not providing plaintiff with proper equipment.[5]

Defendants have demurred only to a portion of counts I and III. Since defendants did not address the issue of whether they negligently maintained the ramp and wheelchair, we cannot grant their demurrer to counts I and III of plaintiffs' complaint.

Accordingly, for the foregoing reasons defendant's preliminary objections are denied and dismissed.

## ORDER

Now, June 5, 1989, upon consideration of defendant's preliminary objection in the nature of a demurrer/motion to strike, the briefs filed by the attorneys and following oral argument upon the matter, it is hereby ordered that the said motion is denied.

4. Defendant's demurrer is to counts I and III of plaintiffs' complaint.

5. Plaintiffs cite *Vitali v. Bankers Securities Corporation,* 398 Pa. 230, 157 A.2d 633 (1960) for the proposition that a business invitee has the right to assume that equipment provided to him or her by the possessor of land is in a reasonably safe condition. See also *Thomas v. Ribble,* 404 Pa. 296, 172 A.2d 280 (1961) which adopted the Restatement (Second) of Torts §388 which holds a supplier of a chattel negligent under certain conditions.