A. Donald Faiella *et al. vs.* Elena Tortolani *et al.*

MARCH 31, 1950.

Present: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

FLYNN, C. J.   This bill in equity was brought by a husband and wife as judgment creditors to set aside a conveyance of realty made by deed of respondents Elena Tortolani and Frank Tortolani to another respondent Dinarzato Silvestri, or in the alternative to have the respondent Silvestri declared to be a trustee thereof for the benefit of all the creditors of the grantors.  After a hearing on bill, answers and proof and pursuant to the trial justice's decision a decree was entered in the superior court denying and dismissing the bill.  The cause is here on the complainants' appeal from that decree.

The following facts appear in evidence.  On September 10, 1947 title to the property in question, subject to a $7,000 mortgage to the Lincoln Trust Company, was in respondent Elena Tortolani, wife of Frank Tortolani, who is also a respondent.  On the same day said respondents signed a promissory note for $7,000 payable February 1, 1948 to A. Donald Faella and wife, who are the complain-

ants and are named in the bill and caption as "Faiella." This note represented a cash loan to respondent Frank Tortolani for his use in a business venture.

On November 26, 1947 respondent Silvestri loaned $5,000 to Frank Tortolani for his business and received five promissory notes each in the sum of $1,000 and all payable on demand. These notes were also signed by respondents Frank Tortolani and Elena Tortolani, who will hereinafter be referred to as Elena.

On December 5, 1947 the property was mortgaged by the Tortolanis in the amount of $20,000 to Vincent Ferla. This mortgage was duly recorded and out of the proceeds thereof the first mortgage of $7,000 to the Lincoln Trust Company was satisfied. Respondent Silvestri first learned of the new mortgage when its recording was published in a newspaper. He made inquiry about it and was told by Frank Tortolani that it was due and payable June 5, 1948. The validity of the Ferla mortgage is not questioned and he is not a party.

On January 16, 1948, before complainants' note was due, the Tortolanis by their deed conveyed the real estate, subject to the existing Ferla mortgage, to Silvestri. That deed contained the recitation: "This transaction is such that no United States Revenue Stamps are required." No stamps were affixed to the deed which was recorded in the office of the recorder of deeds in the city of Providence in this state on January 20, 1948, apparently by the attorney who drew the deed and took the acknowledgments and who represented the Tortolanis in the transaction. He was not the agent of or attorney for Silvestri.

There was other evidence that no demand for payment was ever made by Silvestri; that the five promissory notes are still in his possession; that Silvestri is an intimate friend of Elena's father; that although he was not present when the deed was executed and acknowledged by her and never had personal possession of it he previously had talked with her father, expected such deed and accepted its recording;

that complainants, having received no payment according to the terms of their note which was due February 1, 1948, thereafter caused an attachment to be made of the Tortolanis' interest in the real estate standing in the name of Silvestri; and that such action was prosecuted to final judgment on March 12, 1948 for $7,087.50 and costs. Execution thereon was issued and levied but was not satisfied. The instant bill was brought to set aside the above-mentioned deed from the Tortolanis to Silvestri on the ground that such conveyance was "wholly without any consideration" and was made "with the intention of delaying, hindering and defrauding" creditors in violation of general laws 1938, chapter 482, §1. While this cause was pending the Ferla mortgage was foreclosed, and at the sale the property was purchased by the complainants for $24,500, leaving a surplus of $3,612.02 available for application either to Silvestri's claim or that of the complainants, depending on the outcome of this suit.

The trial justice found in substance that there was a legal delivery of the deed to respondent Silvestri; that he undoubtedly had a valid claim of $5,000 as evidenced by the five demand promissory notes of $1,000 each; that such conveyance, however, was not made in full payment of that claim but was intended by the Tortolanis and their attorney as a preference to secure the payment thereof; that the Tortolanis intended and expected that the surplus, if any, of the proceeds of any sale after Silvestri's debt had been satisfied would be turned over to their attorney for distribution to creditors; and that the transaction was not in violation of the above-mentioned statute against fraudulent conveyances.

The complainants now contend that the trial justice erred in these findings and that the decree is against the law, the evidence and the weight thereof. In our opinion there is evidence, if believed, to support the trial justice's finding that respondent Silvestri had a valid claim against the Tortolanis as evidenced by the five unpaid demand

promissory notes. In view of this supportable finding we cannot say that the conveyance was "wholly without any consideration" as complainants contend.

Similarly there is evidence to support the trial justice's finding that the conveyance was not made in full payment or satisfaction of Silvestri's claim. There is evidence, if believed, to establish that it was intended by the respondent grantors as a preference to secure the payment of Silvestri's claim; that it was also intended by Elena and her attorney that Silvestri was to receive the legal title before it could be encumbered by possible attachments; that he would have the exclusive right to sell the property and to satisfy his own claim; and that, if there were a sale and any surplus proceeds therefrom, they were to be turned over to the Tortolanis' attorney for distribution to the creditors, that is, "to whomever came next," and ultimately perhaps to Elena if any remained.

The important questions, in our opinion, are whether there was a valid delivery of the deed and whether the transaction as a whole was in violation of the statute against fraudulent conveyances, G. L. 1938, chap. 482, §1. In order to constitute a valid delivery the grantors must presently intend to divest themselves of the right to possession and control of the deed. *Januskewicz* v. *Kowall*, 47 R. I. 348. See also *Johnson* v. *Johnson*, 24 R. I. 571.

From certain portions of the evidence it might be inferred that the grantors had given the attorney full discretion to deliver and to record the deed or to withhold it accordingly as he deemed most beneficial in adjusting the business obligations of Frank Tortolani. If that were the only evidence there would be serious question whether the grantors intended to presently divest themselves, and whether the delivery of the deed was valid. See *Wetherill* v. *Moore*, 73 R. I. 140. Further if the evidence clearly showed that the grantors had participated in a plan whereby they still would retain the beneficial interest and control of the property, using the respondent Silvestri merely as an instrument

to help them to escape payment of the complainants' claim, it could be argued with considerable force that the transaction was tainted with enough fraud to constitute a violation of the statute.

However, the trial justice did not find that such discretion was intended or given by the Tortolanis as grantors or that there was such a fraudulent understanding between them and Silvestri as complainants contend. From the evidence as a whole the trial justice in substance drew another inference, namely, that the respondent grantors at the time of the conveyance had intended to surrender possession and control of the deed, which Silvestri had expected and later accepted and ratified. In addition to other evidence Elena's conduct in moving promptly from the house and in selling her furniture, and of Silvestri's engagement of his own attorney to advertise and sell the property free of control by Elena or her attorney, is at least as consistent with the trial justice's finding as it is with the conclusion urged by the complainants.

The complainants apparently do not seriously contest the respondents' right, apart from insolvency or bankruptcy proceedings and fraud, to prefer one legitimate creditor over another. At any rate at common law a debtor had the right to prefer one creditor over another. They seem to argue, however, that such an admittedly intended preference to Silvestri was evidence of a violation of the above-mentioned statute against fraudulent conveyances. But such a preference by itself is not a violation of that statute even though it may in fact result in nonpayment of other debts. See *Coates & Co.* v. *Wilson,* 20 R. I. 106; *Elliott* v. *Benedict,* 13 R. I. 463, and cases therein cited.

They further argue that the theory of a preference implicitly rests solely upon payment and satisfaction of the claim of the creditor thus preferred. From this they reason that the conveyance, being admittedly a preference, must have been intended as absolute and in payment or satisfaction of Silvestri's claim, and therefore that the trial

justice's later finding, namely, that the transaction was *not* in satisfaction of Silvestri's claim but was only to secure the payment thereof, is inconsistent with his previous finding that a preference was intended.

This argument erroneously assumes as its basic premise that a preference can be made only by payment and satisfaction of a claim and that a conveyance to carry out such a preference must be absolute. In our opinion, as between creditors and in the absence of contrary statutory provisions, a debtor may prefer one creditor over another either by payment in money or property, or by giving security for a previously unsecured debt. *Coates & Co.* v. *Wilson* and *Elliott* v. *Benedict, supra.* See also 37 C.J.S. Fraudulent Conveyances §§235, 241. On that view the findings of the trial justice now under consideration are not implicitly inconsistent, as complainants contend.

On the question whether the transaction was in fact in violation of the above-mentioned statute as a conveyance made to hinder, delay or defraud a creditor, either of two different and opposite conclusions can be reached depending upon which evidence is believed. It is possible, as stated, to infer from certain parts of the evidence that the deed may have been delivered as a part of a planned cooperation between the Tortolanis and Silvestri in order to keep the control and beneficial interest of the property in the grantors and away from the complainants. On the other hand there is testimony that Elena followed the advice and instructions principally of her father, husband and their attorney through all the negotiations leading up to and including her execution and delivery of the deed; that her father, brothers and the attorney held a meeting at which the proposed conveyance to Silvestri was discussed; that pursuant thereto and prior to the execution and delivery of the deed a later conference between the father and Silvestri was held at which it was understood that Silvestri would receive a deed, either as payment or as security; and that if there was a sale and any surplus remained after pay-

ment of Silvestri's debt it would go to whomever of the creditors came next, and to Elena only if a surplus remained after the creditors were paid. It is clear that all valued the property at more than it brought at the sale.

From this and other evidence concerning Silvestri's conduct after notice of the recording of the deed, considered with the other evidence as a whole, it can be inferred, as the trial justice in effect found, that the deed was made as a preference to a legitimate creditor for a sufficient consideration and was delivered validly to a third person for the use and benefit of the grantee who, after notice of its recording, accepted it as security and acted accordingly.

Having in mind that the complainants have the burden of establishing their claim that the conveyance was without consideration or was in violation of the statute against fraudulent conveyances, and considering that the evidence is thus open to different and contrary interpretations, depending upon the credibility of the witnesses who were seen and heard by the trial justice, we cannot say from our examination of the transcript as a whole that his findings are clearly wrong.

The complainants' appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*John P. Cooney, Jr., John B. Kelaghan,* for complainants.

*Joseph Mainelli, Fred Colagiovanni,* for respondent, Dinarzato Silvestri.