229 A.2d 758.

ELIAS BATISTA ABILHEIRA *d.b.a.* BATISTA BAKERY *vs.* RAYMOND R. FARIA *d.b.a.* SERV-AL LUNCH.

MAY 17, 1967.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

ROBERTS, C. J. This is an action in assumpsit to recover for goods sold and delivered and on book account. The action was tried by a justice of the superior court sitting without a jury and resulted in a judgment for the plaintiff in the amount of $1,597.83 and costs. The case is in this court on the defendant's appeal therefrom.

It is not disputed that defendant, who operated a mobile canteen, had for some time purchased bakery products from plaintiff for resale in that business. There is evidence that for some time defendant had made weekly payments on this account but that in 1957 he fell behind in such payments until in 1958 plaintiff refused to supply him any further. Thereafter plaintiff instituted the instant civil action.

The defendant contends that error inhered in two rulings of the trial justice admitting into evidence certain oral testimony as to the amount of the debt. On one occasion the

trial justice overruled defendant's objection to plaintiff's son testifying that the balance of the account was "\* \* \* $1,126.00 and some change." The other involved the denying of defendant's motion to strike plaintiff's testimony that the balance owed him by defendant was "$1,126 and some cents." The defendant argues that the best evidence rule requires that this debt be proved by the introduction of the books of account maintained by the plaintiff and that the secondary evidence here offered to establish the content of the books of account was improperly admitted.

The plaintiff adduced evidence to show that, prior to instituting the instant suit, he had turned over all of the records relating to defendant's account to his attorney and that thereafter, prior to trial, his attorney died. There was evidence tending to establish that plaintiff, with present counsel, made an intensive examination of the files of the deceased counsel in an attempt to locate the records, but were unable to do so. The trial justice accepted this evidence as establishing a reason for the unavailability of the primary evidence in the form of records. The defendant does not appear to seriously challenge the explanation thus offered as justifying the resort to secondary evidence.

The defendant's objection to the admission of the oral testimony of plaintiff's son was based upon his contention that it was inadmissible as secondary evidence because the witness was without personal knowledge of all of the transactions which made up the account. The plaintiff's son had testified that he worked for his father in the bakery; that he frequently transacted business with defendant; that on many occasions he made up the sales slips reflecting such transactions; that he had occasionally entered them in the record; and that he was personally familiar with the balance due plaintiff from defendant. In our opinion, this constituted sufficient knowledge on the part of the witness to qualify him to testify as to the balance contained in the missing writings.

In *Schiffman* v. *Narragansett Hotel Inc.*, 86 R. I. 258, 134 A.2d 153, we noted our acceptance of the rule that secondary evidence will be admissible to prove the content of a writing when satisfactory proof is offered that the primary evidence has been lost or destroyed without fraud or fault on the part of the party seeking to adduce such secondary evidence. It does not appear that defendant disputes that this is the rule in this jurisdiction or that he questions that the proof of the loss of the primary evidence was insufficient to justify its acceptance by the trial justice.

What defendant really presses is his contention that the testimony of the witness was improperly admitted because the witness through whom it was adduced had not made all of the entries contained in the pertinent record and was without personal knowledge as to the account in its entirety. This is to argue, in our opinion, that the best evidence rule is to be applied as one of exclusion and is to be construed strictly, particularly with respect to establishing the competency of the witness who would testify as to the content of the primary evidence.

We are unable to agree. In our opinion, the best evidence rule establishes a preference as to the order in which evidence in proof of claim will be admissible. One view, widely accepted, is known as the American rule pursuant to which, the primary evidence being unavailable, preference of admission as secondary evidence is given to documentary evidence and only when such evidence is also unavailable, is parol evidence admissible to prove the content of the missing primary evidence. Another view, also having broad acceptance, is the "English rule" so called wherein no degree of preferment is given secondary evidence, documentary evidence as well as parol being admissible if otherwise competent, but with the weight to be given such evidence resting in the trier of fact. In the instant case, however, no documentary evidence has been offered to prove the content of the record to which objection has been made.

The objection is solely to the admission of the parol evidence and, therefore, the distinction between the two rules stated above is without significance. In this circumstance we will not make a rigid application of the rule excluding secondary evidence on narrow or technical grounds. To do so would make it difficult, if not impossible, for a plaintiff to adduce some evidence in support of his claim. The rule should be applied so that both in testing the character of the evidence offered as admissible secondary evidence and in ascertaining the competence of the witness to testify thereto, it would serve to promote justice.

In *In re Estate of Baker,* 144 Neb. 797, 14 N.W.2d 585, the court, referring to proper persons to give evidence as to proof of the loss of unavailable primary evidence, said: "Ordinarily the rule is that their loss or destruction should be proved by the last custodian of the instruments unless his absence is satisfactorily explained or his disqualification appears, as in cases like the one at bar, in which event the proof may be made by any competent witness who has knowledge of the facts." Assuming that such person was the keeper thereof, it would follow naturally that if such testimony as to the loss of the primary evidence may be given by a competent witness with knowledge of the facts relating to the loss thereof, such witness may also testify as to the content of the record that constitutes the missing evidence. The witness in the instant case was no stranger to the record making up the account in question. He had participated in keeping the account and had substantial knowledge of the contents of the account. It is our opinion that such a person is competent to testify within the contemplation of the best evidence rule.

It will not be necessary, in our opinion, to pass upon the question of the admission of the testimony of plaintiff as to the amount owed him by defendant — this because if its admission was erroneous, it was not prejudicial to defendant. The record discloses that the trial justice, in

determining the issues raised in this case, did not rely on this evidence of plaintiff himself. He stated in his decision that he considered plaintiff's son to be entirely credible, saying in part: "The Court believes his testimony when he said that he saw the slip or slips showing the defendant's account at the time the defendant was indebted to the plaintiff and that this record showed an indebtedness of $1,126.23." It is clear, then, that in reaching his decision he relied on the testimony of plaintiff's son and that his decision was not affected by the testimony of plaintiff. It is well settled that where the decision of a trial justice is not affected by evidence improperly admitted, the admission thereof, although erroneous, was not prejudicial and constitutes harmless error. *Grosso* v. *Ruscito*, 96 R. I. 349, 191 A.2d 608.

The defendant contends also that the decision of the trial justice is contrary to the weight of the evidence. In support of this contention, he argues vigorously that the testimony of the plaintiff's witnesses was substantially inconsistent, particularly with respect to the method by which the plaintiff's books of account were kept. We have repeatedly stated, however, that credibility is for the trial justice in the first instance and that this court will not disturb findings made by a trial justice by reason of discrepancy in the testimony of the witnesses, absent some showing of self-impeachment in the evidence marshalled by the plaintiff in support of his claim. We have scrutinized the testimony here closely but do not perceive any element of self-impeachment therein. It is well settled that where the parties submit their case on the law and the facts to a trial justice sitting without a jury, his findings are entitled to great weight and will not be disturbed by this court unless they are clearly wrong. *Rogers* v. *Zielinski*, 99 R. I. 599, 209 A.2d 706. We find no error in any of the rulings of the trial justice.

The appeal of the defendant is denied and dismissed, and the judgment for the plaintiff is affirmed.

*Robert L. DeCosta,* for plaintiff.

*Anthony R. Berretto,* for defendant.