248 A.2d 316.

LEO E. PELOQUIN vs. ARDEN ENGINEERING CO., INC.

DECEMBER 4, 1968.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

ROBERTS, C. J.   This civil action was brought to recover monies alleged by the plaintiff to be owed him by the defendant as bonuses for services performed under a contract of employment.   The cause was tried to a justice of the superior court sitting without a jury, who entered judgment for the plaintiff in the amount of $18,205 plus costs.   From that judgment the defendant is prosecuting an appeal to this court.

It is not disputed that in March 1955 plaintiff entered into defendant's employment as a project engineer.   The

terms of his employment were covered by an oral contract which, it is agreed, provided that he was to be paid a fixed weekly salary and a bonus of 20 per cent of the net profit on construction jobs he had estimated and that had been successfully bid. The terms of the agreement with respect to when such bonus would become due and payable are in substantial dispute.

Late in February 1966 plaintiff gave notice to defendant of his intention to leave its employment. At that time three construction projects that plaintiff had estimated and successfully bid were under way, and it is agreed that plaintiff had engaged in supervision over the construction involved in each. It is further agreed that these jobs were in various stages of completion and that one of them, the construction of a heating plant at St. Joseph's Hospital in Providence, was complete and that the entitlement of plaintiff to payment of a bonus was not denied in that instance. However, two of the jobs were contracts for the construction of heating plants at Hanscom Air Force Base and Westover Air Force Base, both military installations in the Commonwealth of Massachusetts. In the instant dispute it is agreed that plaintiff had estimated and successfully bid these jobs with the United States government, but there is a dispute as to whether he had completed the terms of his contract relating to supervision of the construction of these projects in accordance with his contract.

The plaintiff contends that, under the terms of the agreement, he was entitled to a bonus on any job he estimated and successfully bid, the bonus to be paid after final payment to defendant under the construction contract. In testifying that once a job he estimated was successfully bid his right to a bonus accrued, he concedes that "* * * payment would be made upon the final completion and payment of any given project." The record discloses some testimony given by plaintiff which apparently contradicts

this testimony and which will be discussed herein subsequently. This testimony was to the effect that, as project engineer, he was required to stay with the job until final payment.

The defendant, on the other hand, contends that the bonus was to accrue to plaintiff only upon completion of the project and that it was plaintiff's obligation to "* * * estimate, bid, and run the job through to completion and final monies, final monies." The defendant argues that the trial justice found that the construction projects at Westover and Hanscom were 95 per cent complete on the job site and that this constituted substantial performance of plaintiff's contract with defendant, entitling him to the full amount of his bonus less a credit for what it would cost defendant to pay a replacement engineer when he left. We cannot agree with this conclusion.

The trial justice, in our opinion, did not hold that plaintiff had only substantially performed under his contract. Rather, he found that plaintiff had completely performed under his contract. What he found really was that the 1955 agreement contemplated that a bonus would accrue "* * * only if he performed substantially all of the work that had to be performed in connection with the job upon which the successful bid was let." The trial justice further stated that substantial performance meant that the construction contracts between defendant and the government were substantially, or 95 per cent, complete at the job site. He stated specifically that "* * * there was never any intention between these parties to pay plaintiff for anything less than full performance, and by that I mean within the term as I have just used it, the substantial practical completion of the job."

The trial justice obviously held that substantial completion of work at the project site under the contract between the government and defendant under the supervision of

plaintiff was full performance on plaintiff's part. He held also that work under the contracts at both Hanscom and Westover was more than substantially completed, stating: "I think a great deal more than 95 per cent of the work at Westover and Hanscom was done by March, 1966, and I so hold." We conclude then that the trial justice found full performance by plaintiff under his contract with defendant with respect to both the Hanscom and Westover jobs.

We are confronted then with a situation in which the parties have submitted their controversy on both law and fact to a justice of the superior court sitting without a jury. It is well settled that where this is done, the findings of the court will be given great weight and will not be disturbed by this court unless clearly wrong. *Rogers* v. *Zielinski*, 99 R. I. 599, 209 A.2d 706.

Arguing that the trial justice was clearly wrong in not finding that there had been an abandonment of this contract prior to full performance thereof, defendant relies on testimony given by plaintiff which it claims was uncontradicted and unimpeached and should be controlling on this issue. The evidence thus relied upon was plaintiff's affirmative testimony that, as project engineer on the pertinent projects, it was his duty to stay to the completion of the construction and to final payment. He also testified affirmatively that defendant would have to replace him on each of the jobs after he left its employment. We view this evidence as ambiguous but hardly uncontradicted.

In our opinion, it is not within the rule laid down in *Gorman* v. *Hand Brewing Co.,* 28 R. I. 180, 66 A. 209, wherein this court held that uncontradicted and unimpeached evidence must be accepted by a trial court as controlling on the issue it is adduced to prove. It is clear from the record that this testimony, despite its affirmative character, was contradicted by other testimony of plaintiff offered to prove

that he was under no obligation to supervise and that his right to a bonus accrued when the job estimated by him was successfully bid. The testimony under consideration here goes to the question of the quantum of the supervision that plaintiff by his contract was required to provide during the course of work on the project.

We have here a mass of conflicting testimony on the question of how much supervision, if any, plaintiff was required under his contract to exercise over the construction of the projects he had successfully bid. Upon a consideration of this conflicting evidence, the trial justice found by inference that plaintiff was required to supervise the projects to substantial, or 95 per cent, completion. We have no doubt but that the evidence was reasonably susceptible of this inference. It may be that the evidence is susceptible of alternative reasonable inferences that could have been drawn by the trial justice. However, in this state we have taken the view that the mere existence of contrary inferences in which probability inheres is not controlling on the acceptance by a trial justice of one of such inferences as probative of the issue. *Labbe* v. *Hill Brothers, Inc.,* 97 R. I. 269, 197 A.2d 305.

We are of the opinion then that the trial justice did not err in concluding that plaintiff's contract required supervision by him of the construction project until it was substantially, or 95 per cent, complete or in finding that the construction at Westover and Hanscom was over 95 per cent complete and, therefore, the contract of plaintiff with respect to each of these projects had been fully performed.

Because we take this view, we are constrained to conclude, however, that the trial justice did err in ordering a deduction from the full amount of the bonus due the plaintiff under each project as a recoupment for the wages that the defendant was required to pay the engineer who succeeded the plaintiff on each of these projects. The plain-

tiff, having fully performed under his contract with respect to each project, was entitled to the full amount of the bonus contemplated by his contract, and, therefore, in our opinion the cause should be returned to the superior court for entry of judgment in the full amount of the bonus due under the contract.

The judgment is reversed, and the cause is remanded to the superior court for entry of judgment for the plaintiff in accordance with this opinion.

*Hogan & Hogan, Edward T. Hogan,* for plaintiff-appellee.

*Levy, Goodman, Semonoff & Gorin, Jordan Tanenbaum,* for defendant-appellant.