265 A.2d 732.

F. D. McKendall Lumber Co. *vs.* Ferrer Buratti.

MAY 25, 1970.

Present: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

Roberts, C. J.  This civil action was brought to recover for goods sold and delivered.  The matter was tried to a justice of the Superior Court sitting without a jury, who thereafter rendered judgment for the plaintiff in the amount of $5,009 plus interest.  From that judgment the defendant is now prosecuting an appeal to this court.

We are confronted here, as we so often are, with a situation in which the parties to litigation have submitted the

controversy, both on the law and the evidence, to a justice of the Superior Court sitting without a jury. This court has long adhered to the principle that, where this is done, the findings of that court will be given great weight and will not be disturbed by this court unless clearly wrong. *Peloquin* v. *Arden Engineering Co.*, 104 R. I. 671, 248 A.2d 316; *Abilheira* v. *Faria*, 102 R. I. 214, 229 A.2d 758.

The record discloses that defendant, a carpenter and house builder, was developing a plat of land in 1948. He testified that in connection with this project he had approached plaintiff corporation to arrange for the purchase of certain of his building supplies. He concedes that at that time he was aware that plaintiff made a practice of assessing a monthly service charge on delinquent accounts. He testified, however, that he had talked to the then president of plaintiff, now deceased, who told him that if he purchased the building supplies the service charge would not be applied to his account. On the other hand, the testimony of the witnesses in behalf of plaintiff denied any knowledge of such an agreement.

The evidence in this case is in sharp conflict on the question of whether there was an agreement on the part of plaintiff not to assess any service charge against defendant's account. The defendant adduced testimony that over the years at least three different officers of plaintiff corporation had informed him that such charges would not be made in his case. On the other hand, those testifying on behalf of plaintiff, one of them an officer to whom defendant referred, stated that they had no knowledge that any such agreement had been made or that defendant's account was to be treated any differently than others when it became delinquent.

The decision of a trial justice on credibility customarily carries great weight with this court because of the advantage he has in seeing and hearing the witnesses testifying.

*Dockery* v. *Greenfield*, 86 R. I. 464, 136 A.2d 682. In that case we noted that unless the transcript discloses clearly an indication that the trial justice was mistaken in his judgment of the credibility of the witnesses, this court will uniformly refuse to disturb his decision thereon.

In his bench decision the trial justice made no express findings as to whether the promises alleged by defendant were made to him by the corporate officers. The trial justice did say, however: "On the whole, I tended to believe the plaintiff's witnesses and therefore found for the plaintiff in the sum of $5,009, with interest."

After a careful examination of the transcript, we are persuaded that the testimony of the plaintiff's witnesses contained no inherent improbabilities nor inconsistencies with established facts. In our opinion, the testimony of the plaintiff's witnesses clearly contradicts that of the defendant as to the existence of any agreement to except his account from the service charges and, in our opinion, warrants the trial justice in drawing an entirely reasonable inference that such a promise was not made. We find no error in the decision of the trial justice.

The appeal of the defendant is denied and dismissed, and the judgment appealed from is affirmed.

*Kenneth M. Beaver,* for plaintiff.

*Francis A. Manzi,* for defendant.