277 A.2d 920.

THE BOYD CORPORATION OF CAMBRIDGE *vs.*
CUSTOM DISTRIBUTING CORPORATION.

JUNE 10, 1971.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

ROBERTS, C. J. This is a civil action brought to recover money in the amount of $4,872.75 alleged to be owed on

book account, for goods sold and delivered, and general account. The matter was heard by a justice of the Superior Court sitting without a jury, and judgment was entered in favor of the plaintiff in the amount of $4,811.11 with interest. From that judgment the defendant is prosecuting an appeal in this court.

It appears from the record that The Boyd Corporation of Cambridge, later by direction of the court identified as The Boyd Corporation of Rhode Island, plaintiff, has been engaged in wholesaling miscellaneous household appliances such as stoves and refrigerators for some period of time. The defendant corporation, Custom Distributing Corporation, hereinafter referred to as Custom, is engaged in retailing various household appliances purchased by it from plaintiff. It appears that Boyd began in 1965 to sell various appliances to defendant on a so-called running-account basis. In addition, some of the purchases shipped directly to Custom were financed through an organization described as Public Finance, and plaintiff would receive checks in payment on the running account from both Public Finance and Custom, such payments all being credited to Custom's account.

On January 31, 1967, a fire destroyed the building housing Custom, completely destroying it and all contents including its records. Almost immediately thereafter Custom informed all of its suppliers, including Boyd, of the loss of records and requested duplicate statements of account, informing them that Custom's loss was insured and that full payment would be paid on all accounts. Shortly thereafter, on February 13, 1967, Boyd began the instant action on book account against Custom and garnished the insurance company's holding funds belonging to Custom to cover Custom's loss.

The testimony appearing in the record is confused and in sharp conflict. It discloses the destruction of Custom's

records by fire and the opinion of one witness testifying in behalf of Custom that it had no knowledge of what it owed plaintiff. Whatever testimony it offered as to the precise payments that had been made was meager and uncertain. The trial justice commented in his decision that it was unfortunate that defendant's records had been destroyed by fire but went on to say: "It would seem to the Court, however, that if any money credits are claimed in addition to those allowed, the bank records might be very helpful in this regard. We have been given no explanation as to why they were not produced." Clearly, the trial justice was recognizing the deficiency in the evidence offered by Custom as to credits and payments.

The defendant contends primarily, in attacking the weight of plaintiff's evidence, that plaintiff's bookkeeping was inaccurate and confused and that many credits that were due defendant were not properly recorded in its books. In other words, defendant is arguing vigorously that the testimony concerning the discrepancies in plaintiff's books was inconsistent and that the trial justice, on the basis of such inconsistent testimony, misconceived the probative force of the evidence concerning plaintiff's books. Clearly, the thrust of defendant's case is to discredit the methods and practices used by plaintiff in keeping its books and the explanation offered for some discrepancies in such accounts.

Almost precisely this same argument was raised in *Abilheira* v. *Faria,* 102 R. I. 214; 229 A.2d 758. In that case it was argued that the testimony of the plaintiff's witnesses with respect to the method by which his accounts were kept was inconsistent, and we held that this is a matter raising a question of credibility. This is, in the first instance, for the trial justice, and this court will not disturb findings made by a trial justice by reason of discrepancy in the testimony of witnesses absent some show-

ing of self-impeachment in the evidence marshaled by the plaintiff in support of his claim. We have here, as in *Abilheira,* closely examined the testimony of plaintiff concerning the records it offered in support of its claim and the amount thereof and do not perceive any element of self-impeachment therein.

It is well settled that where the parties submit their case on the law and the facts to a trial justice sitting without a jury, his findings are entitled to great weight and will not be disturbed by this court · unless it is shown that they are clearly wrong. *Rogers* v. *Zielinski,* 99 R. I. 599, 209 A.2d 706. We are unable to say in all the circumstances that the trial justice's evaluation of the probative force of the testimony offered by the plaintiff in support of its claim was clearly wrong.

The appeal of the defendant is denied and dismissed, and the judgment appealed from is affirmed.

*Bernard F. McSally,* for plaintiff.

*John P. Bourcier,* for defendant.