292 A.2d 224.

GERARD U. DUCHARME *vs.* DAVID CHAMPAGNE *et al.*

JUNE 27, 1972.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

ROBERTS, C. J.   This is a civil action instituted by a judgment creditor, seeking to set aside as fraudulent a conveyance of real estate pursuant to the provisions of G. L. 1956 (1969 Reenactment) §6-16-1.   The conveyance, it is not disputed, was made by the defendants, David Champagne and his wife Jean Champagne, as joint tenants to the defendant, John T. McMann, Sr., by warranty deed dated October 21, 1968, and recorded October 30, 1968.   The case was heard by a justice of the Superior Court sitting without a jury, who found that the conveyance of the defendants Champagne to the defendant McMann did not constitute a

fraudulent conveyance within the contemplation of said §6-16-1 and dismissed the complaint and entered judgment for the defendants for costs. From this judgment the plaintiff has appealed to this court.

The plaintiff brought an action against defendant Champagne to recover damages allegedly sustained as the result of a motor vehicle collision in April of 1968. The complaint went unanswered, and thereafter, on October 29, 1968, default entered. On November 15, 1968, after proof of claim, plaintiff was awarded a judgment in the amount of $3,000 plus interest and costs. It further appears that on October 21, 1968, a week prior to the date of the default, defendant Champagne and his wife Jean, as joint tenants of certain real estate in East Providence, conveyed that estate to the wife's father, defendant John T. McMann, Sr., it appearing on the face of the deed that no consideration passed.

Subsequently, in proceeding to levy on said real estate, plaintiff learned of the conveyance of October 21, 1968, and commenced the instant action to set aside the conveyance as fraudulent under said §6-16-1. The plaintiff was then informed that McMann had contracted to sell the real estate to a third party and that the closing of such sale was imminent. It was agreed between the parties after negotiation that the sum of $3,000 would be held in escrow pending the outcome of the present suit.

The trial justice found from the evidence, substantially uncontradicted, that defendant McMann had in 1966 advanced his daughter and son-in-law the sum of $8,190.32 with the understanding that it would be repaid when the parties became able to do so but without any specific date for repayment being set. He found that the understanding was that repayment would be made when the Champagnes were of sufficient ability to do so. He stated: "There is no question in the Court's mind at all the sum of money was advanced and it was used for the purpose of purchasing this

house." The court went on to say: "As a consequence, the Court finds as a fact and holds as a matter of law that the conveyance of [sic] Mr. McMann was for a valid antecedent debt owed to him and acknowledged by both of the parties; in the light of this conveyance, that this indebtedness has been proven by overwhelming evidence; and that therefore, the conveyance to Mr. McMann did not constitute a fraudulent conveyance."

Here the parties to the litigation have submitted the controversy, both on the law and the evidence, to a justice of the trial court sitting without a jury. We have long held that where the parties so act, the findings of fact of the trial court will be given great weight and will not be disturbed by this court on appeal unless clearly wrong. *F. D. McKendall Lumber Co.* v. *Buratti,* 107 R. I. 158, 265 A.2d 732 (1970); *Chace* v. *Anarumo,* 104 R. I. 48, 241 A.2d 628 (1968). Here the trial justice expressly stated that the testimony of defendant McMann was uncontradicted and was entirely credible. On that basis he found that there was a valid antecedent debt owed to McMann and that such indebtedness had been proven by the great weight of the evidence and that the conveyance to McMann did not constitute a fraudulent conveyance within the purview of the statute, §6-16-1.

The question was primarily one of the credibility of defendant McMann. We have consistently held that a decision of a trial justice on the question of credibility carries great weight with this court because of the advantage he had in seeing and hearing the witnesses as they testified. *Dockery* v. *Greenfield,* 86 R. I. 464, 136 A.2d 682 (1957). We noted there that unless the transcript disclosed clearly that the trial justice was mistaken in his judgment of the credibility of the witnesses, this court uniformly would refuse to disturb his decision thereon.

The transcript in this case discloses that the testimony

of defendant McMann contained no inherent improbabilities or inconsistencies with established facts. Further, nothing in the evidence presented by plaintiff contradicted the testimony of McMann although under the statute the burden was on the plaintiff to establish that the conveyance had been made or "* * * contrived of fraud, covin, collusion or guile, to the intent or purpose to delay, hinder or defraud creditors of their just demands of what nature soever, or to deceive or defraud those who shall purchase bona fide the same lands, tenements, hereditaments, goods or chattels * * *." Section 6-16-1; *Faiella v. Tortolani*, 76 R. I. 488, 72 A.2d 434 (1950).

The plaintiff has argued vigorously that this court should establish strict standards of proof and apply them to evidence introduced by a defendant for the purpose of, as he described it, rebutting the statutory presumption of fraud that accrues to a plaintiff pursuant to §6-16-1. In several places in his brief plaintiff clearly discloses that he construes §6-16-1 as giving rise to a statutory presumption that a conveyance was fraudulent when the conveyance was made without consideration and there were other debtors than himself to whom the conveyance was made. We are unable, however, to perceive that the statute was intended to give rise to such a presumption that the conveyance was fraudulent.

We have said that in order to nullify a conveyance by virtue of §6-16-1, a plaintiff need not prove the existence of actual fraud. *Warwick Municipal Employees Credit Union v. Higham*, 106 R. I. 363, 259 A.2d 852 (1969). But the statute does require that to void a conveyance as fraudulent, proof that the conveyance had been made with "* * * the intent or purpose to delay, hinder or defraud creditors of their just demands * * *" must be established. We are unable to agree that under this statute the mere establishment by a plaintiff that a conveyance was made by an insolvent

debtor without consideration gives rise to a presumption that it was fraudulent, which must be rebutted by the defendant.

Having concluded that no presumption arises under §6-16-1, we need not consider the plaintiff's contention that a stricter standard of proof should be imposed in fraudulent conveyance cases to dispel such a presumption. To so hold would have the effect of shifting the burden of proof to the defendant and would ignore the long-standing rule in this state that the burden of proof is on him who asserts a claim, whether in law or equity. *Charles J. Donnelly, Inc.* v. *Donnelly Bros.*, 96 R. I. 255, 263, 191 A.2d 143, 147 (1963). It is, then, our conclusion that the plaintiff has not met the obligation of establishing that the trial justice, in reaching the conclusions that he did, was clearly wrong.

The appeal of the plaintiff is denied and dismissed, and the judgment appealed from is affirmed.

Motion to reargue denied.

*Oster, Espo, Fay & Groff, Irving N. Espo,* for plaintiff.

*Johnson & Johnson, Martin Johnson,* for defendants.