338 A.2d 515.

LOUIS BARTA *vs.* LOUIS J. D'IORIO *d/b/a* RHODY ROOFING COMPANY.

JUNE 4, 1975.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

ROBERTS, C. J. The plaintiff in this civil action for breach of contract seeks to recover allegedly unpaid balances he claims are due him for services rendered as a salesman. The case was tried to a justice of the Superior Court sitting without a jury, who entered a judgment for the plaintiff in the amount of $1,245.58. From that judgment the plaintiff, contending that the damages awarded were grossly inadequate, is prosecuting an appeal to this court.

The record discloses that plaintiff had been employed as a salesman to solicit roofing jobs for defendant for some years. The defendant conducted a roofing business under the name of Rhody Roofing Company. In January 1967 the parties entered into a new contract to run for a term of 1 year wherein provisions were made for the amount of commissions to be paid plaintiff, the terms under which he would be paid a bonus, and, in particular, the payment of a special bonus where the business solicited resulted in an "overage." It would appear from the testimony that an "overage" was the difference between the price at which a roofing job was listed and the amount in excess of that list price that plaintiff was able to persuade a purchaser to pay.

It is not disputed that plaintiff terminated his employment in September 1967. Neither is there any dispute that during that period sales made by plaintiff amounted to $43,020 and that the base commission to be paid him for such sales amounted to $8,604. The plaintiff further

testified that he would have been entitled to a bonus of $1,075 and concedes that during 1967, through September, he was paid a total of $12,500 in compensation.

It is clear from the transcript that the testimony in this case is in sharp conflict with reference to the amounts due plaintiff on specific roofing jobs procured by him. During the term of the contract in 1967, plaintiff successfully solicited approximately 50 roofing jobs which were performed by defendant. The testimony relevant to these jobs, as we have noted, was in substantial conflict but, in particular, as to the precise amount of commission and "overage" bonuses due plaintiff on many of these jobs.

We have here a situation in which the parties submitted the case on the law and the facts to a trial justice sitting without a jury, and it is well settled that in such circumstance his findings will be given great weight and will not be disturbed by this court unless clearly wrong. *Fishbein* v. *Zexter*, 107 R. I. 672, 270 A.2d 510 (1970). Further, it is a situation in which the conclusions of the trial justice clearly were based entirely on his evaluation of the credibility of the parties and their witnesses. In *Abilheira* v. *Faria*, 102 R. I. 214, 229 A.2d 758 (1967), we held that credibility is for the trial justice in the first instance and that this court will not disturb conclusions reached in such circumstances unless it is shown that the trial justice clearly overlooked or misconceived material evidence on a controlling issue.

In seeking to persuade us that the trial justice did misconceive the thrust of defendant's testimony, plaintiff directs our attention to some few instances of self-contradiction in defendant's testimony. We concede that there were some inconsistencies in that testimony. However, we cannot agree that these inconsistencies were really relevant and material on the controlling issue in this case,

the amounts due and unpaid to which plaintiff was entitled as commissions and bonuses.

The decision of the trial justice, in our opinion, discloses his recognition of the real issue involved in this case, whether defendant or plaintiff was telling the truth about the amount due plaintiff as commissions and, particularly, as bonuses on the "overages" on some of the jobs procured by plaintiff. The trial justice specifically stated that he believed defendant's testimony as to what should be credited in the case of "overages" and that plaintiff had not proved anything concerning his claims thereon. Further, he stated that defendant "* * * is too thorough a man not to have checked and checked his figures on these." In short, it is our opinion that the trial justice rejected the testimony of plaintiff while accepting that of defendant on the matter of the amount, if any, due and remaining unpaid to plaintiff as commissions and bonuses. That being so, we cannot say that the trial justice was clearly wrong in reaching the conclusions he did.

We are of the opinion that the record here should disclose that counsel for the defendant filed no brief on his client's behalf, did not appear for oral argument, and has since made no effort to either excuse or justify this conduct in dereliction of his duty to his client and to this court. Such conduct verges on contempt.

The appeal of the plaintiff is denied and dismissed, the judgment appealed from is affirmed, and the case is remitted to the Superior Court.

*Jacob D. Portnoy*, for plaintiff.