Michael J. SCOTTO

v.

Anthony P. ZIFCAK.

No. 79–57–Appeal.

Supreme Court of Rhode Island.

Feb. 2, 1981.

---

Manning, West, Santaniello & Pari, Thomas J. Curran, Providence, for plaintiff.

Laurent C. Bilodeau, Woonsocket, for defendant.

OPINION

MURRAY, Justice.

The plaintiff, Michael J. Scotto (Scotto), initiated this civil action to recover commissions he allegedly earned for sales of real estate while in the employ of the defendant, Anthony P. Zifcak (Zifcak), a real estate broker. Zifcak filed a counterclaim for breach of a written employment contract that Scotto signed sometime after he began working for Zifcak. After a jury-waived trial in Superior Court, the trial justice entered judgment in favor of the plaintiff both on his complaint and on the defendant's counterclaim. The judgment obligated the defendant to pay to the plaintiff $3,022 plus interest for commissions that the trial justice found the defendant owed to the plaintiff. Zifcak is now before us on an appeal from these adverse judgments.

Certain facts involved in his appeal are not disputed. In April 1976, shortly after Scotto received his license to sell real estate, he joined Zifcak's real estate agency in the capacity of a salesman. At the time, Scotto and Zifcak entered into an oral agreement whereby Zifcak would pay Scotto 40 percent of any commission the agency received if Scotto sold any property listed with their agency, 25 percent of the commission for the sale of property for which Scotto secured an exclusive listing with the agency, and 10 percent of the commission if he secured a listing of the property within the agency by referral from Zifcak. In addition, Scotto was entitled to receive $50 each time he showed a Zifcak-listed property with another broker if and when that property was sold.

The parties comported themselves in accordance with the terms of this agreement from the date of Scotto's hiring in April of 1976 until September 8, 1976. On that day Scotto signed a written agreement that contained the above terms relating to commissions plus several additional terms. Some of these terms are, for purposes of this appeal, merely deciduous; however, the terms embodied in paragraphs 5 and 6 are of much concern to us. Those paragraphs read as follows:

"5. I agree to work exclusively for Anthony P. Zifcak unless such other employment is of such a nature that it does not conflict or compete with said Anthony P. Zifcak.

"6. I agree to give two weeks notice of my intention to terminate this agreement and I agree that for two years following this notice, I will not directly or indirectly engage in the Real Estate business in the City of Woonsocket, Rhode Island, or vicinity."

At trial, plaintiff testified that in June of 1977 he began selling Amway cleaning products in his leisure time. The defendant was unaware of plaintiff's leisure-time activities until August of that year when, at plaintiff's invitation, defendant accompanied him to a meeting for representatives and sellers of Amway products. Apparently, defendant was less than enthusiastic about the business of selling Amway products. In fact, defendant testified that he was "infuriated because selling Amway products is not in keeping with the professional sales of real estate," adding that he "consider[ed] it degrading mixing soap and powder with the highest piece of investment that a person makes."

What ensued the day after this meeting is subject to some dispute between the parties. Zifcak testified that he urged Scotto to abandon his affiliation with Amway products and that Scotto responded by telling Zifcak he had no right to tell him what to do in his spare time. Zifcak agreed but then stated that he could give Scotto more spare time and that he should think it over during the weekend. Zifcak further testified that the following Monday, Scotto came to the office, told him that he had decided to maintain his affiliation with Amway, and handed Zifcak his keys to the office. Zifcak viewed Scotto's actions as a voluntary termination of his employment.

Scotto's version of the facts surrounding his termination of work differs. He testified that on the day following the meeting, Zifcak issued to him an ultimatum: either he abandon his affiliation with Amway or he would no longer be in the employ of Zifcak. Scotto then responded that Zifcak had no right to tell him what he could or could not do in his spare time. According to Scotto, Zifcak replied that he could "give him more spare time" and fired him. The next month he secured employment with another real estate firm in Cumberland.

In his decision, the trial justice found that the purported contract signed by Scotto was void because it was illusory in that it did not impose any obligations upon Zifcak while Scotto bore the burden of all the obligations contained in the document. He found also that even if the contract were not illusory, the restrictive covenants in paragraph 6 were vague as to space and unreasonable as to time, thus rendering them unenforceable as illegal restraints on trade. Lastly, the trial justice specifically found that Zifcak fired Scotto, and therefore the restrictive covenants in the purported contract never came into effect.

On appeal, defendant contends that the restrictive covenants were not vague and unreasonable, that plaintiff was not fired by defendant, and that several of the trial justice's rulings on evidentiary matters were erroneous. The plaintiff contends on appeal that not only were all of the trial justice's findings correct but they were also amply supported by the evidence in the record.

■ Assuming, without deciding, the validity of the written agreement, we must affirm the trial justice's decision. Although there was a discrepancy in the testimony on the ultimate question of whether Scotto was fired, the trial justice accepted plaintiff's testimony in this regard. It is well settled that determinations of credibility lie within the province of the trial, not the appellate court. *LaPorte v. Ramac Associates, Inc.*, R.I., 395 A.2d 719, 721 (1978); *Farrell v. Meadowbrook Corp.*, 111 R.I. 747, 750, 306 A.2d 806, 808 (1973). Ordinarily, the decisions of the trial justice on credibility are entitled to great weight on appeal, *Ducharme v. Champagne*, 110 R.I. 270, 273, 292 A.2d 224, 225 (1972); *F. D. McKendall Lumber Co. v. Buratti*, 107 R.I. 158, 159, 265 A.2d 732, 733 (1970), and unless the appel-

lant can show that in resolving the testimonial conflicts in plaintiff's favor the trial justice misconceived or overlooked material evidence or was otherwise clearly wrong, such findings are binding on appeal. *Salo Landscape & Construction Co. v. Liberty Electric Co.*, R.I., 376 A.2d 1379, 1381 (1977). Implicit in the trial justice's statement in his decision that "Mr. Zifcak didn't like it [Scotto's affiliation with Amway] and he fired him. A rose by any other name is a rose, no matter what one may call it" is an acceptance of Scotto's testimony and a rejection of Zifcak's.

The defendant has failed to show that the trial justice misconceived or overlooked material evidence or was otherwise clearly wrong in resolving this conflict.[1] *See Star Dinette & Appliance Co. v. Savran*, 104 R.I. 665, 248 A.2d 69 (1968). Thus, we accept as true the trial justice's finding that Zifcak fired Scotto.

Because defendant fired plaintiff, the provisions of the written agreement never came into effect. The plaintiff, therefore, was neither obligated to give defendant notice of his intent to terminate nor obliged to refrain from engaging in the real estate business in the Woonsocket area for the two years following his employ at the Zifcak agency. We concur in the trial justice's finding that plaintiff was entitled to those commissions he earned while he was employed by Zifcak and that defendant's counterclaim was without merit.

Turning now to defendant's contention that the trial justice misunderstood the evidence in assessing damages awarded to the plaintiff, we note that the record is replete with testimony concerning sales in which plaintiff participated either as the salesman or as the listing agent. Again, the trial justice's conclusions were founded upon his determinations of credibility. These determinations were explicitly stated by the trial justice with regard to each commission plaintiff claimed he was owed. Without belaboring the point and as we noted above, the trial justice's determinations of the witnesses' credibility are entitled to great weight on appeal, and they are binding on appeal in the absence of a showing by defendant that the trial justice, in determining the credibility of witnesses, overlooked or misconceived material evidence or was otherwise clearly wrong. *Salo Landscape & Construction Co. v. Liberty Electric Co.*, R.I. 376 A.2d at 1381. Again, defendant failed to sustain his burden in this regard.

Lastly, the defendant raises several contentions concerning certain evidentiary rulings by the trial justice. We note that all of these contentions relate to his counterclaim. Insofar as we have determined that the defendant fired the plaintiff and therefore that the plaintiff did not breach the written contract, it is unnecessary for us to rule upon these issues.

The defendant's appeal is denied and dismissed, the judgment appealed from is affirmed, and the case is remitted to the Superior Court.

---

1. Nor does it appear from a thorough reading of the record that Scotto's testimony was self-impeaching. *See Boyd Corp. of Cambridge v. Custom Distributing Corp.*, 108 R.I. 610, 277 A.2d 920 (1971).